United States District Court
Southern District of Texas
**ENTERED**
December 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO SARMIENTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00272 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Reynaldo Sarmiento is an inmate in the Texas Department of Criminal

Justice and is currently housed at the Edinburg Transition Center in Edinburg, Texas.

Proceeding *pro se*, Sarmiento filed an original habeas corpus petition pursuant to 28 U.S.C.

§ 2254 on October 21, 2020.[1]  (D.E. 1).  Liberally construed, Sarmiento raises claims

regarding both the revocation of his parole and a new charge that partially led to that

revocation. Respondent filed a motion for summary judgment contending that Sarmiento

does not meet the custody requirements to the extent that he challenges a 2017 charge for

aggravated sexual assault that was dismissed, and that the § 2254 petition is untimely to

the extent that Sarmiento challenges his revocation.  (D.E. 40).  Sarmiento has responded.

(D.E. 44).   As discussed more fully below, it is respectfully recommended that

---

[1] Sarmiento stated under penalty of perjury that he placed his petition in the prison
mail system on October 21, 2020, and it is considered filed as of that date. *See Spotville v.
Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases
(discussing the mailbox rule).

Respondent's motion for summary judgment be granted and Sarmiento's habeas corpus petition be dismissed.  It is further recommended that a Certificate of Appealability ("COA") be denied.

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Sarmiento was convicted in Nueces County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Petition and Claims

Liberally construed, Sarmiento first contends that he was improperly denied the assistance of counsel during his parole revocation proceedings, which resulted in other rights also being violated.  (D.E. 1 at 5, 16).  Second, Sarmiento asserts that the eight-month delay between his arrest for a parole violation and his related indictment for aggravated sexual assault deprived him of his rights to a full range of statutory discretion in the revocation proceedings.  (*Id.* at 7).  Third, Sarmiento alleges that the Texas Board of Pardons and Paroles ("Parole Board") lacked jurisdiction because his parole violation was filed in Karnes County, but his parole was instead in Bexar County.  (*Id.* at 8, 16).  Finally, Sarmiento contends that the Parole Board exceeded its authority by failing to give proper street-time credit.  (*Id.* at 10, 16).

### b.   State Court Records

In November 1999, Sarmiento was charged in an indictment with indecency with a child, in violation of Texas Penal Code § 21.11.  (D.E. 40-1 at 5-6).  Sarmiento was

convicted and initially placed on deferred adjudication, but after violating the conditions of his parole, the state court sentenced him to 20 years' imprisonment on December 17, 2001. (*Id.* at 2-4).

On January 28, 2013, Sarmiento was granted parole subject to various general and specific conditions. (D.E. 38-1 at 12-18). On January 20, 2017, Sarmiento's parole officer issued a violation report indicating that Sarmiento had violated the terms of his parole in several ways, including: (1) being terminated from his sex offender treatment program for failure to follow the rules; (2) leaving the specified county without telling his parole officer; (3) having unsupervised contact with a child 17 or younger; (4) going within 500 feet of a designated Child Safety Zone; (5) possession of sexually explicit material; (6) using the internet by maintaining an active Facebook profile; (7) failure to report to his parole officer; (8) violating the laws of Texas by committing a sexual assault that was uncharged at the time of the violation report. (*Id.* at 19-26).

Sarmiento initially denied every alleged violation. (*Id.* at 7-11). However, on March 22, 2017, Sarmiento admitted to every violation, with the exception of the allegation that he violated state law by committing a sexual assault. (*Id.* at 2-5). He waived his right to a revocation hearing. (*Id.* at 6). On April 6, 2017, the Parole Board sustained every violation, including the allegation that Sarmiento violated state law by committing a sexual assault. (*Id.* at 32-36). Accordingly, the Parole Board revoked Sarmiento's parole. (*Id.* at 35).

3

On September 7, 2017, Sarmiento was charged in an indictment with aggravated sexual assault. (D.E. 40-2 at 2). However, the charge was dismissed on February 21, 2020. (*Id.* at 3).

On December 16, 2019, while the indictment for aggravated sexual assault was pending, Sarmiento filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging his revocation of parole. (D.E. 39-3 at 4-8). The Texas Court of Criminal Appeals denied Sarmiento's Article 11.07 application without written order on January 29, 2020. (D.E. 39-1 at 1).

## III. DISCUSSION

### a.   *Claims Regarding the 2017 Aggravated Sexual Assault Charge*

In the motion for summary judgment, Respondent first contends that, to the extent that Sarmiento challenges the dismissed 2017 aggravated sexual assault charge, this Court lacks jurisdiction to consider those claims because Sarmiento is not in custody for that charge. (D.E. 40 at 8-9). Respondent contends that Sarmiento is in custody for the 1999 indecency with a child charge. (*Id.* at 9).

Sarmiento responds that he is not challenging either his original 2001 conviction or the dismissed 2017 charge for aggravated sexual assault. (D.E. 44 at 1).

The writ of habeas corpus may not extend to a prisoner unless, in relevant part, he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). More directly, the federal courts may only consider an application for a writ of habeas corpus from a state prisoner on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

This is a jurisdictional requirement.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

While the "in custody" requirement has been liberally construed, it has not been

extended to a situation where the "petitioner suffers no present restraint from a conviction."

*Id.* at 492.  The collateral consequences of a conviction are not enough to render someone

"in custody."  *Id.*  A petitioner may not bring a federal habeas petition directed solely at

the prior convictions he is no longer serving a sentence for.  *Lackawanna Cty. Dist. Att'y*

*v. Coss*, 532 U.S. 394, 401 (2001).

Here, it does not appear that Sarmiento is attempting to challenge the dismissed

2017 charge for aggravated sexual assault.  First, Sarmiento states that he is not challenging

that charge.  (D.E. 44 at 1).  Second, liberally construed, Sarmiento references that charge

only in relation to alleged effects it had on his parole revocation.  (*See* D.E. 1 at 7, 10, 16).

However, to the extent Sarmiento's claims can be construed to challenge that dismissed

2017 charge, this Court lacks jurisdiction to consider those claims because Sarmiento is

not "in custody" for that charge.  *See* 28 U.S.C. § 2254(a); *Lackawanna*, 532 U.S. at 401;

*Maleng*, 490 U.S. at 490-92.

> b.  *Claims Regarding the Parole Revocation*

Respondent next argues that, to the extent Sarmiento challenges his revocation

proceeding, those claims are barred by the statute of limitations.  (D.E. 40 at 10-12).

Respondent contends that the one-year limitation period began to run on April 6, 2017,

when Sarmiento's parole was revoked, and expired one year later.  (*Id.* at 11).  Respondent

asserts that Sarmiento is not entitled to statutory tolling because he did not file his state habeas application until after the expiration of the limitation period. (*Id.* at 11-12).

Sarmiento does not address the timeliness issue in his response. (*See generally* D.E. 44).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1). Claims based on parole decisions fall under the fourth option, the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Goodwin v. Dretke*, 150 F. App'x 295, 298 (5th Cir. 2005).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he

can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649.  Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  A standard claim of excusable neglect is insufficient. *Id.*  Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Sarmiento's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling.  His parole was revoked on April 6, 2017, and he therefore discovered the factual predicate to his claims on that date. (D.E. 38-1 at 35).  His time to file a § 2254 petition expired one year later on April 6, 2018.   28 U.S.C. § 2244(d)(1).  None of the other potential start dates for the limitations period appear to apply based on the claims in the petition.  As to statutory tolling, Sarmiento did not file his Article 11.07 application until after the expiration of the limitations period, and it therefore did not toll the limitations period. *Scott*, 227 F.3d at 263.  Finally, Sarmiento has not established that he is entitled to equitable tolling because he has not shown, or even attempted to show, any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649.  Accordingly, Sarmiento has not established that he is entitled to tolling, and his petition is untimely.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Sarmiento has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Sarmiento is not in custody for the dismissed aggravated sexual assault charge and that his claims regarding his revocation are time-barred.  Therefore, it is further recommended that any request for a COA be denied.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 40) be GRANTED and Sarmiento's § 2254 petition be

DISMISSED.  In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on December 23, 2021.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).